JMH:SMS
F. #2023R00688

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

FRANCO ALEXANDER
PERAZA NAVAS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
*  NOVEMBER 28, 2023  *
BROOKLYN OFFICE

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 23-396 (S-1) (MKB)
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(d)(1), 981(a)(1)(C), 982(a)(5),
982(b)(1), 1951(a), 2119(1), 2 and 3551
et seq.; T. 21, U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE<br>(Carjacking)

1.    On or about August 30, 2023, within the Eastern District of New York and elsewhere, the defendant FRANCO ALEXANDER PERAZA NAVAS, together with others, with intent to cause death and serious bodily harm, did knowingly and intentionally take a motor vehicle that had been transported, shipped and received in interstate and foreign commerce from the person and presence of another, to wit: John Doe #1, an individual whose identity is known to the Grand Jury, by force and violence and by intimidation.

(Title 18, United States Code, Sections 2119(1), 2 and 3551 et seq.)

COUNT TWO<br>(Hobbs Act Robbery)

2.    On or about September 8, 2023, within the Eastern District of New York and elsewhere, the defendant FRANCO ALEXANDER PERAZA NAVAS, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of

articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from a commercial establishment located on Sheepshead Bay Road in Brooklyn, New York ("Commercial Establishment-1"), an entity the identity of which is known to the Grand Jury.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT THREE
(Carjacking)

3. On or about September 9, 2023, within the Eastern District of New York and elsewhere, the defendant FRANCO ALEXANDER PERAZA NAVAS, together with others, with intent to cause death and serious bodily harm, did knowingly and intentionally take a motor vehicle that had been transported, shipped and received in interstate and foreign commerce from the person and presence of another, to wit: John Doe #2, an individual whose identity is known to the Grand Jury, by force and violence and by intimidation.

(Title 18, United States Code, Sections 2119(1), 2 and 3551 et seq.)

## COUNT FOUR
(Attempted Hobbs Act Robbery)

4. On or about October 17, 2023, within the Eastern District of New York and elsewhere, the defendant FRANCO ALEXANDER PERAZA NAVAS, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the attempted robbery of jewelry from a commercial establishment located on Sheepshead Bay Road in Brooklyn, New York ("Commercial Establishment-2"), an entity the identity of which is known to the Grand Jury.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT FIVE
(Hobbs Act Robbery)

5.      On or about October 17, 2023, within the Eastern District of New York and elsewhere, the defendant FRANCO ALEXANDER PERAZA NAVAS, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of jewelry from a commercial establishment located on 103rd Street in Queens, New York ("Commercial Establishment-3"), an entity the identity of which is known to the Grand Jury.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT SIX
(Hobbs Act Robbery)

6.      On or about November 5, 2023, within the Eastern District of New York and elsewhere, the defendant FRANCO ALEXANDER PERAZA NAVAS, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of jewelry from a commercial establishment located on Junction Boulevard in Queens, New York ("Commercial Establishment-4"), an entity the identity of which is known to the Grand Jury.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT SEVEN
(Possessing, Brandishing and Discharging a Firearm During a Crime of Violence)

7.      On or about and between August 30, 2023, and November 5, 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCO ALEXANDER PERAZA NAVAS, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One, Two, Three, Five and Six, and did

knowingly and intentionally possess such firearms in furtherance of said crimes of violence, one or more of which firearms were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND THREE

8. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts One and Three, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(5), which requires any person convicted of such offenses to forfeit any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such offenses; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of any criminal law of the United States.

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1), 982(a)(5) and 982(b)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO, FOUR, FIVE AND SIX

10. The United States hereby gives notice to the defendant that, upon his conviction of the offenses charged in Counts Two, Four, Five and Six, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and/or (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any criminal law of the United States.

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

6

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT SEVEN

12. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Seven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*Mary Beth Glickman*
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2023R00688

FORM DBD-34
JUN. 85

No. 23-396 (S-1) (MKB)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

FRANCO ALEXANDER PERAZA NAVAS,

Defendant.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(d)(1), 981(a)(1)(C), 982(a)(5), 982(b)(1), 1951(a), 2119(1), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

*Mary Beth Glickman*

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____

*Clerk*

Bail, $ _____

_____

*Sean M. Sherman, Assistant U.S. Attorney (718) 254-6262*