# MINTUE ENTRY FOR CRIMINAL PROCEEDING

| | |
|---|---|
| **MAGISTRATE JUDGE:** Robert Levy | **DATE:** 12/18/23 |
| **CLERK:** D. Wright | |

| | |
|---|---|
| **DOCKET #:** 23-CR-396(S-1)(MKB) | **LOG TIME:** 2:36PM-2:48PM |

| | |
|---|---|
| **DEFENDANTS NAME:** | FRANCO PERAZA NAVAS |
| __X__ Present ____ Not Present | __X__ Custody ____ Bail |

| | |
|---|---|
| **DEFENSE COUNSEL:** Mia Eisner-Grynber | __x__ Court appointed |
| __X__ Federal Defender  ____ CJA | ____ Retained |

**A.U.S.A:** Sean Sherman
**INTERPRETER:** Maristela Verastegui   **Language:** Spanish

Defendant arraigned on the: ___ Indictment __X__ Superseding Indictment ___ Probation Violation.

__X__ Defendant pleads NOT GUILTY to ALL counts.

| | |
|---|---|
| ____ DETENTION HEARING Held. | __x__ Defendants first appearance. |
| ____ BAIL HEARING Held. | |
| ____ Bond set at _-_____ | Defendant ___ released ___ held pending satisfaction of bond conditions. |

____ Defendant advised of bond conditions set by the Court and signed the bond.

____ Surety/ies sworn, advised of bond obligations by the Court and signed the bond.

____ (Additional) surety/ies to co-sign bond by _____

____ After hearing, Court orders detention in custody.  ____ Leave to reopen granted.

| | |
|---|---|
| __x__ Temporary Order of Detention Issued. | ____ Bail Hearing set for _____ |

__x__ At this time, defense counsel states on the record that the defendant does not have a bail application / package. Order of detention entered with leave to reapply to a Magistrate Judge or to the District Court Judge to whom the case will be assigned.

| | | |
|---|---|---|
| __x__ Order of Excludable Delay/Speedy Trial entered. | Start Date: 12/18/23 | End Date: 2/8/24 |
| __x__ Rule 5f warnings given to the govt. | ____ Medical memo issued. | |

____ Defendant failed to appear; bench warrant issued.

__x__ Status conference set for **2/8/24** @ **11:15am**  before District Judge: **Brodie**

**Other Rulings:**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------

UNITED STATES OF AMERICA

-v-

Franco Alexander Peraza Navas

APPLICATION AND
ORDER OF EXCLUDABLE DELAY

Case No. 23-CR-396

    The United States of America and the defendant hereby jointly request that the time period from __12/18/23__ to __2/8/24__ be excluded from the computation of the time period within which

( )   an information or indictment must be filed, or (XW)
(X)   trial of the charges against defendant must commence. (XC)

The parties seek the exclusion of the foregoing period because

    ( )   they are engaged in plea negotiations, which they believe are likely to result in a disposition of this case without trial, and they require an exclusion of time in order to focus efforts on plea negotiations without the risk that they would not, despite their diligence, have reasonable time for effective preparation for trial,
    (X)   they need additional time to prepare for trial due to the complexity of case,
    ( )   _____.

    The defendant states that he/she has been fully advised by counsel of his/her rights guaranteed under the Sixth Amendment to the Constitution; the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74; the plan and rules of this Court adopted pursuant to that Act; and Rule 50(b) of the Federal Rules of Criminal Procedure. The defendant understands that he/she has a right to be tried before a jury within a specified time not counting periods excluded.

_____
Defendant

_____
Counsel for Defendant

_____
For U.S. Attorney, E.D.N.Y.

    The joint application of the United States of America and the defendant having been heard at a proceeding on the date below, the time period from __12/18/23__ to __2/8/24__ is hereby excluded in computing the time within which ( ) an information or indictment must be filed or (X) trial must commence. The Court finds that this exclusion of time serves the ends of justice and outweigh the interests of the public and the defendant in a speedy trial for the reasons discussed on the record and because
    ( ) given the reasonable likelihood that ongoing plea negotiations will result in a disposition of this case without trial, the exclusion of time will allow all counsel to focus their efforts on plea negotiations without the risk that they would be denied the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence.
    (X) time to receive + review discovery.

SO ORDERED.

Dated: Brooklyn, N.Y
      12/18 20 23

_____
United States Magistrate Judge

| CJA-23 (Rev 3/21) | **FINANCIAL AFFIDAVIT** IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE |
|---|---|

IN THE UNITED STATES ☐ DISTRICT COURT   ☐ COURT OF APPEALS   ☐ OTHER (Specify Below)
IN THE CASE OF
United States v. Peraza Navas
FOR AT 23 CR 396 MKB
LOCATION NUMBER

PERSON REPRESENTED (Show your full name)
Franco Alexander Peraza Navas

1. ☒ Defendant - Adult
2. ☐ Defendant - Juvenile
3. ☐ Appellant
4. ☐ Probation Violator
5. ☐ Supervised Release Violator
6. ☐ Habeas Petitioner
7. ☐ 2255 Petitioner
8. ☐ Material Witness
9. ☐ Other (Specify)

DOCKET NUMBERS
Magistrate Judge
District Court
Court of Appeals

CHARGE/OFFENSE (Describe if applicable & check box→)   ☒ Felony   ☐ Misdemeanor

### ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**EMPLOYMENT**
Do you have a job?  ☒ Yes  ☐ No
IF YES, how much do you earn per month? _____
Will you still have a job after this arrest? ☐ Yes  ☐ No  ☒ Unknown

**INCOME & ASSETS — PROPERTY**
Do you own any of the following, and if so, what is it worth?

| | APPROXIMATE VALUE | DESCRIPTION & AMOUNT OWED |
|---|---|---|
| Home | $ — | |
| Car/Truck/Vehicle | $ 12,000 | Grand Cherokee 2008 |
| Boat | $ — | |
| Stocks, bonds | $ — | |
| Other property | $ 7,000 | Suzuki Motorcycle |

**CASH & BANK ACCOUNTS**
Do you have any cash, or money in savings or checking accounts? ☒ Yes  ☐ No
IF YES, give the total approximate amount after monthly expenses $ Does not know

**OBLIGATIONS, EXPENSES, & DEBTS**
How many people do you financially support? _____

| BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT |
|---|---|---|
| Housing | $ 1,500 | $ |
| Groceries | $ | $ |
| Medical expenses | $ | $ |
| Utilities | $ | $ |
| Credit cards | $ | $ |
| Car/Truck/Vehicle | $ | $ |
| Childcare | $ | $ |
| Child support | $ | $ |
| Insurance | $ | $ |
| Loans | $ | $ |
| Fines | $ | $ |
| Other | $ 100 - Cellphone | $ |

I certify under penalty of perjury that the foregoing is true and correct.

Franco P. _____
SIGNATURE OF DEFENDANT
(OR PERSON SEEKING REPRESENTATION)

Date: 12/15/2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

Franco Alexander Peraza Navas,

Defendant(s).

23-CR-396(S-1)

ORDER

Marcia Henry, United States Magistrate Judge:

This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

Proceeding:

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

---

[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq*.

SO ORDERED.

Dated: December 18, 2023
       BROOKLYN, NY

                                                                             S / Robert Levy
                                                                United States Magistrate Judge

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York ▼

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 23-CR-396(S1)(MKB) |
| Franco Peraza Navas ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☒ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
       § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
       Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
       (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs
       (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
       described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
       jurisdiction had existed, or a combination of such offenses; **or**
  ☐ (e) any felony that is not otherwise a crime of violence but involves:
       **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
       **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; ***and***
☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
     § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
     to Federal jurisdiction had existed; ***and***
☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was
     committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***
☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the
     defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16) Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☒ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 12/18/23         _Robert Lou_
                        United States Magistrate Judge