UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------

UNITED STATES OF AMERICA

APPLICATION AND
ORDER OF EXCLUDABLE DELAY

-v-

Franco Alexander Peraza Navas

Case No. 23-CR-396

    The United States of America and the defendant hereby jointly request that the time period from 12/18/23 to 2/8/24 be excluded from the computation of the time period within which

( ) an information or indictment must be filed, or (XW)
(X) trial of the charges against defendant must commence. (XC)

The parties seek the exclusion of the foregoing period because

( ) they are engaged in plea negotiations, which they believe are likely to result in a disposition of this case without trial, and they require an exclusion of time in order to focus efforts on plea negotiations without the risk that they would not, despite their diligence, have reasonable time for effective preparation for trial,

(X) they need additional time to prepare for trial due to the complexity of case,

( ) _____.

    The defendant states that he/she has been fully advised by counsel of his/her rights guaranteed under the Sixth Amendment to the Constitution; the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74; the plan and rules of this Court adopted pursuant to that Act; and Rule 50(b) of the Federal Rules of Criminal Procedure. The defendant understands that he/she has a right to be tried before a jury within a specified time not counting periods excluded.

_____
Defendant

_____
For U.S. Attorney, E.D.N.Y.

_____
Counsel for Defendant

    The joint application of the United States of America and the defendant having been heard at a proceeding on the date below, the time period from 12/18/23 to 2/8/24 is hereby excluded in computing the time within which ( ) an information or indictment must be filed or (X) trial must commence. The Court finds that this exclusion of time serves the ends of justice and outweigh the interests of the public and the defendant in a speedy trial for the reasons discussed on the record and because

( ) given the reasonable likelihood that ongoing plea negotiations will result in a disposition of this case without trial, the exclusion of time will allow all counsel to focus their efforts on plea negotiations without the risk that they would be denied the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence.

(X) time to receive + review discovery

SO ORDERED.

Dated: Brooklyn, N.Y
        12/18 20 23

_____
Robert Levy
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>Franco Alexander Peraza Navas,<br><br>Defendant(s). | 23-CR-396(S-1)<br><br>ORDER |

Robert Levy, United States Magistrate Judge:

This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

---

[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq*.

SO ORDERED.

Dated: December 18, 2023
       BROOKLYN, NY

                                                  S / Robert Levy
                                              United States Magistrate Judge

3